# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## JACKSONVILLE DIVISION

ADAM BRADLEY WILLIAMS,

    *Plaintiff,*

v.

POSSIBLE FINANCIAL INC. d/b/a

"POSSIBLE FINANCE," and

COASTAL COMMUNITY BANK,

    *Defendants.*

Case No.: 3:26-cv-00059-MMH-JBT

## FIRST AMENDED COMPLAINT

*This First Amended Complaint supersedes and replaces the original complaint in its entirety.*

Plaintiff Adam Bradley Williams, appearing pro se, brings this First Amended Complaint against Possible Financial Inc. d/b/a "Possible Finance" and Coastal Community Bank and states:

## I. JURISDICTION AND VENUE

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper because the events giving rise to this action occurred in this District and Plaintiff resides here.

## II. PARTIES

4. Plaintiff Adam Bradley Williams is a natural person residing in Jacksonville, Florida.

5. Defendant Possible Financial Inc. d/b/a "Possible Finance" ("Possible") is a furnisher of credit information under the FCRA.

6. Defendant Coastal Community Bank ("Coastal") is the issuing bank for Possible's loan products and also furnishes information to consumer reporting agencies.

## III. FACTS

### A. The Loan and Payment Barriers

7. Plaintiff obtained a small-dollar loan from Possible in August 2023.

8. After origination, Plaintiff experienced issues outside his control: repeated bank-link failures, verification loops, app lockouts preventing access to the payment system, and a mandatory waiting period for a replacement bank card.

9. Plaintiff repeatedly contacted Possible and requested assistance or an alternative way to pay before any delinquency was reported, but no timely assistance was provided.

### B. Plaintiff Ultimately Paid the Account in Full

10. Plaintiff completed all remaining payments on December 30, 2023.

11. Possible's internal application reflected the loan as Paid Off.

### C.  Defendants Continued Reporting Delinquencies and Charge-Off

12.  Despite the internal Paid Off status, Defendants furnished inaccurate information to consumer reporting agencies, including:

    a.  multiple months of delinquency that do not align with Plaintiff's payment evidence and Defendants' internal "Paid Off" status;

    b.  inconsistent reporting across bureaus; and

    c.  a charge-off status that continued to be reported even after Possible's internal platform showed the account as paid off.

13.  One bureau listed no active Possible account, another listed accounts with scrambled or incomplete histories, and another marked the account as "never late," demonstrating inconsistent and unreliable furnishing.

### D.  Plaintiff Disputed the Information and Defendants Verified It

14.  Plaintiff disputed the inaccurate tradeline with one or more consumer reporting agencies.

15.  One or more consumer reporting agencies responded to Plaintiff with dispute results indicating that the Possible/Coastal tradeline had been "verified as accurate" or otherwise not changed.

16.  Defendants therefore received notice of the dispute pursuant to 15 U.S.C. §1681i(a)(2).

17.  At the time of verification, Defendants had access to their own internal Paid Off record and to Ascend Federal Credit Union's written confirmation that no draft attempts or returns occurred after September 27, 2023.

18.  Nonetheless, Defendants verified the delinquency and continued reporting inaccurate information.

19. Defendants did not update or correct their reporting until Plaintiff independently located evidence and provided it directly, demonstrating that Defendants had not conducted a reasonable investigation when first notified.

## IV.  CAUSES OF ACTION

### COUNT I — WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### *15 U.S.C. §1681s-2(b)*

20. Plaintiff incorporates all preceding paragraphs.

21. After receiving notice of Plaintiff's dispute, Defendants were required to:

   a. conduct a reasonable investigation;

   b. review all relevant information; and

   c. correct or delete inaccurate information.

22. Defendants failed to meet these obligations and instead verified:

   a. delinquency months inconsistent with available records;

   b. inconsistent payment histories across bureaus; and

   c. a continued charge-off status even after Possible's internal system showed the account as paid off.

23. Defendants had access to information proving the reporting was inaccurate but failed to review it.

24. These acts constitute willful violations under 15 U.S.C. §1681n.

### COUNT II — NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### *15 U.S.C. §1681s-2(b) (pleaded in the alternative)*

4

25. Plaintiff incorporates all preceding paragraphs.

26. If Defendants' actions are not found willful, they were negligent under 15 U.S.C. §1681o.

27. Plaintiff suffered actual damages including credit harm, denials, and time spent attempting correction.

## V. CLARIFYING STATEMENT

28. Plaintiff's early requests for assistance and inability to access the payment system are included only as factual context supporting Defendants' reckless disregard during the reinvestigation process. They are not asserted as an independent claim.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests:

    a. Actual damages;

    b. Statutory damages;

    c. Punitive damages for willful violations;

    d. Costs and fees as permitted;

    e. Deletion or correction of the inaccurate tradeline; and

    f. Any further relief the Court deems just and proper.

Respectfully submitted,

Dated: March 04, 2026

/s/ Adam Bradley Williams

Adam Bradley Williams

231 Metz Street

Jacksonville, Florida 32211

(615) 526-7912

chinesesteelproductions@gmail.com

*Plaintiff, Pro Se*

6