United States District Court
Middle District of Florida
Jacksonville Division

**ADAM BRADLEY WILLIAMS,**

 *Plaintiff,*

v.              **NO. 3:26-cv-59-WWB-PDB**

**POSSIBLE FINANCIAL INC. &**
**COASTAL COMMUNITY BANK,**

 *Defendants.*

---

## Order

The plaintiff sues the defendants for alleged violations of the Fair Credit Reporting Act. Doc. 10.

If a plaintiff is proceeding without prepayment of fees and costs, a court "shall" dismiss the action if at any time the court determines the action "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

Under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 10(b), Federal Rules of Civil Procedure, "[a] party must state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count."

A complaint that violates Rule 8(a)(2), Rule 10(b), or both, is a "shotgun" pleading. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Generally speaking, four types of shotgun pleadings exist: (1) a

pleading in which a count adopts the allegations of a previous count; (2) a pleading that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular" claim for relief; (3) a pleading that fails to separate claims for relief into different counts; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission or which claim is brought against which defendant. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Litigants without lawyers are given more leeway in drafting pleadings than litigants with lawyers, but still must follow the procedural rules, including the rules against shotgun pleadings. *Pinson v. JPMorgan Chase Bank, N.A.*, 942 F.3d 1200, 1208 (11th Cir. 2019).

The plaintiff's amended complaint is a shotgun pleading. For each claim, he improperly realleges all previous paragraphs (the first type of shotgun pleading). *See* Doc. 10 ¶¶ 20, 25. And he asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or which claim is brought against which defendant (the fourth kind of shotgun pleading). *See, e.g.*, Doc. 10 ¶ 23 ("Defendants had access to information proving the reporting was inaccurate but failed to review it."); Doc. 10 ¶ 26 ("If Defendants' actions are not found willful, they were negligent under 15 U.S.C. § 1681o.").

The court **strikes** the amended complaint, Doc. 10. By **April 6, 2026**, the plaintiff must file a second amended complaint that complies with the pleading rules. Each defendant must be able to read the second amended complaint and clearly understand the claims against it and the factual grounds

2

upon which each claim rests. **Failure to timely comply with this order may result in a recommendation of dismissal**. If the time period for suing has passed, the dismissal would operate as a dismissal with prejudice, which would prevent the plaintiff from litigating his claims now and in the future.

The court's website offers resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. In addition, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which unrepresented litigants can obtain information from a lawyer on a limited basis for free. To participate, the plaintiff may contact the clerk's office at (904) 549-1900.

**Ordered** in Jacksonville, Florida, on March 11, 2026.

Patricia D. Barksdale
United States Magistrate Judge

c:    Adam Bradley Williams
     231 Metz Street
     Jacksonville, FL 32211