United States District Court
Middle District of Florida
Jacksonville Division

**ADAM BRADLEY WILLIAMS,**

*Plaintiff,*

v.                                                           **NO. 3:26-cv-59-WWB-PDB**

**POSSIBLE FINANCIAL INC.,**

*Defendant.*

---

## Order

The plaintiff sues the defendant for alleged violations of the Fair Credit Reporting Act (15 U.S.C. § 1681s-2(b)) and the Electronic Fund Transfer Act (15 U.S.C. §§ 1693e, 1693f). Doc. 12.

If a plaintiff is proceeding without prepayment of fees and costs, a court "shall" dismiss the action if at any time the court determines the action "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint that states a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must allege facts—as opposed to legal conclusions—accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Each factual allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each claim must be in numbered paragraphs, "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). In

responding to a complaint, a defendant must admit or deny each allegation. Fed. R. Civ. P. 8(b)(1)(B). Using numbered paragraphs and a single set of circumstances in each paragraph permits a defendant to reference the paragraph number of the allegation when admitting or denying the allegation.

The district judge's standing order entered on April 2, 2026, requires, at the end of any paper (including a complaint), a certificate about the use of generative artificial intelligence (AI), certifying (i) that no generative AI was used in the drafting and preparation of the paper or (ii) to the extent that generative AI was used in drafting the paper, that any language drafted by AI—even if later edited by a human—was personally reviewed by the filer or another human for accuracy and that all legal citations reference actual, non-fictitious cases or cited authority and accurately reflect the contents of such authority. The standing order is available on the court's website, www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-berger-standing-order-on-ai.pdf.

In the second amended complaint, the plaintiff fails to use numbered paragraphs for each factual allegation. *See* Doc. 12. He fails to include the exhibits that he cites. *See, e.g.*, Doc. 12 at 3 ("(See Exhibit A.)"); Doc. 12 at 4 ("(See Exhibit B.) … (See Exhibits E and F.)"). And he fails to include the certificate about the use of generative AI as required by the district judge's standing order.

By **May 18, 2026**, the plaintiff must file a third amended complaint in accord with this order. He must number his paragraphs. He must include any exhibit that he wants the court to consider. He must comply with the district judge's standing order by including a certificate about the use of generative AI.

The original and first amended complaints are examples of appropriate paragraph numbering. *See* Docs. 1, 10. But the plaintiff must not incorporate all preceding paragraphs as he did in those complaints. For each claim, he must incorporate only the factual allegations that support the specific claim.

**Failure to timely comply with this order may result in a recommendation of dismissal.** If the time period for suing has passed, the dismissal would operate as a dismissal with prejudice, which would prevent the plaintiff from litigating his claims now and in the future.

The court's website offers resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. In addition, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which unrepresented litigants can obtain information from a lawyer on a limited basis for free. To participate, the plaintiff may contact the clerk's office at (904) 549-1900.

**Ordered** in Jacksonville, Florida, on April 27, 2026.

Patricia D. Barksdale
United States Magistrate Judge

c:      Adam Bradley Williams
        231 Metz Street
        Jacksonville, FL 32211

3